IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD DALTON JAMES GANOE,    )
                               )    Civil No. 04-1766-JE
          Petitioner,          )
                               )
     v.                        )
                               )
UNITED STATES PAROLE           )
COMMISSION, et al.,            )
                               )    FINDINGS AND RECOMMENDATION
          Respondents.         )

     Michael R. Levine
     Attorney at Law
     400 SW Sixth Avenue, Ste. 600
     Portland, Oregon 97204

          Attorney for Petitioner

     Karin J. Immergut
     United States Attorney
     Scott Erik Asphaug
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, Oregon 97204

          Attorneys for Respondent

///

     1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

On November 16, 2006, petitioner filed his "Amended Petition for Writ of Habeas Corpus Under Section 2241; Alternative Amended Petition for Writ of Mandamus" (#32). Petitioner asks the court to order the United States Parole Commission ("USPC") to either remove a detainer lodged against him, or declare it null and void. For the reasons which follow, the Petition should be denied.

## <u>BACKGROUND</u>

On August 7, 1978, then District Judge Otto R. Skopil, Jr., sentenced petitioner to a non-guideline sentence of 15 years for bank robbery. Judge Skopil ordered that petitioner be considered for parole after serving one-third of his sentence pursuant to 18 U.S.C. § 4205 (repealed). Respondent's Exhibit 1. Petitioner was paroled from this sentence on May 11, 1984 and scheduled for supervision until June 13, 1993.

Shortly after his release on parole, petitioner committed another bank robbery causing the USPC to issue a parole violator warrant. Petitioner pled guilty to bank robbery, and the Honorable Helen J. Frye sentenced him to another non-guideline sentence of 15 years. Respondent's Exhibit 2. When sentencing petitioner, Judge Frye stated as follows:

> All right. The Court has considered all of the matters it has before it, including all the letters and the statements made today, and it's true that society . . . isn't doing everything that can be done to rehabilitate people who commit crimes, but society can't do everything, it takes the combination of what society

2 - FINDINGS AND RECOMMENDATION

can offer and the day by day commitment of the person who has committed a crime in order for rehabilitation to be reached.

And in at least two instances, [petitioner] has had an opportunity to become rehabilitated and has failed in those instances, and as a result he has committed further crimes against society.   And I'm talking specifically about the fact that he was sentenced in this court in July of 1978 . . . and is now back before the court.

And the court has two duties.  I do have a duty to the defendant and I take that as a serious duty.  I don't want anybody staying in penitentiaries any longer than is absolutely necessary for the protection of society.  But I do have the duty to society also.

And so with those matters in mind then, the order of the court is going to be as follows: That the defendant is committed to the custody of the Attorney General or his duly authorized representative for confinement for a period of 15 years, and shall be required to serve one-third of that sentence before becoming eligible for parole pursuant to 18 USC 4205(a).

**Now, I am going to be lenient, however, in one area. It is further ordered that the sentence be served concurrently with that imposed in the former criminal case. . . .**

Petitioner's Exhibit of Transcript, pp. 9-11 (emphasis added).

On August 27, 1985, the USPC conducted a hearing combining the initial parole hearing on the 1984 sentence and a dispositional revocation hearing on the 1978 sentence.  Three weeks later, on September 18, 1985, it revoked petitioner's parole arising from the 1978 conviction, denied him credit for the time he spent on parole, and ordered that the remainder of his 1978 sentence commence only after he was released on parole or mandatory release from his 1984 sentence.  Respondent's Exhibit 4, pp. 9-10.

3 - FINDINGS AND RECOMMENDATION

Petitioner served the 1984 sentence until his mandatory release date of September 5, 1994. On that date, the USPC executed the parole violator arrest warrant arising from the 1978 sentence, thus restarting the balance of that sentence and setting a presumptive re-parole date of November 17, 1995.

On November 17, 1995, petitioner was again released to parole on the remainder of his 1978 sentence. However, on December 26, 1996, petitioner committed another bank robbery. Consequently, on January 24, 1997, the USPC issued a parole violator's arrest warrant charging petitioner with violating the conditions of his parole arising from his 1978 conviction. Because petitioner was incarcerated on new federal charges, the USPC did not execute the warrant and, instead, instructed the United States Marshal's Service to lodge the violator warrant as a detainer against petitioner. Respondent's Exhibit 4, p. 23.

Petitioner ultimately pled guilty to bank robbery, and on April 13, 1998, the Honorable James Redden sentenced him to a guideline sentence of 188 months in prison to be followed by a five-year term of supervised release. Respondent's Exhibit 3. It is this conviction for which petitioner is currently incarcerated.

Petitioner filed his Amended Petition on November 16, 2006. He claims that the USPC's decision to effectively run his 1978 sentence consecutively to his 1984 sentence violates his right to due process of law because: (1) Judge Frye explicitly sentenced him

to a concurrent term of incarceration on his 1984 conviction to which the Government did not object; and (2) the USPC lacked authority to defer the execution of the warrant pending the service of the 1984 sentence.

## DISCUSSION

### I.   Interpretation of this Action.

On March 2, 2006, the court ordered petitioner to characterize this case as either a mandamus action or one seeking habeas corpus relief.  Petitioner responded by filing an Amended Petition which is allegedly based both on mandamus and habeas corpus.  Respondents object to this practice in their Answer, arguing that petitioner cannot proceed under both legal theories at the same time.

Mandamus is unavailable where another adequate remedy exists. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). Petitions such as the one here which challenge the manner of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999).  Because petitioner challenges the execution of his sentence, 28 U.S.C. § 2241 is his appropriate remedy.   Consequently, mandamus is unavailable and this action shall proceed as a § 2241 habeas corpus case.

### II. The Merits.

Federal courts have limited jurisdiction to review decisions by the USPC.  Review is limited to determine whether the USPC

"exceeded its statutory authority or acted so arbitrarily as to violate due process." *Benny v. U.S. Parole Com'n*, 295 F.3d 977, 981 (9th Cir. 2002) (citing *Wallace v. Christensen*, 802 F.2d 1539, 1551-52 (9th Cir. 1986) (en banc)).  The discretionary judgments of the USPC are not subject to review.  *Id* at 982.

In Ground One, petitioner argues that his right to due process was violated when the USPC ignored Judge Frye's instructions to run his sentences concurrently.  Eighteen U.S.C. § 4210(2)(b) (repealed) provides that "the Commission shall determine . . . whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense."  The Ninth Circuit has found that the USPC possesses the sole authority to decide when to execute a parole violation warrant, *Smith v. U.S. Parole Com'n*, 875 F.2d 1361, 1364 (9th Cir. 1989), and specifically concluded that a district court cannot require a parole violation sentence to run concurrently with a sentence for new criminal behavior because the USPC, not the court, has the sole authority to make that determination.  *Lepera v. United States*, 587 F.2d 433, 435 n. 1 (9th Cir. 1978).  Accordingly, the USPC's decision to run the 1978 and 1984 sentences consecutively did not violate petitioner's right to due process.

Petitioner also asserts the he was deprived of his right to due process when the Government failed to object to Judge Frye's sentencing proceeding. Specifically, he argues that an objection to the concurrent sentencing scheme contemplated by Judge Frye would have put her on notice that she lacked such authority and would have given her the opportunity to impose a lesser sentence consistent with her stated intention to provide petitioner with leniency. Petitioner provides no authority for the proposition that the Government's failure to object in this situation violates a criminal defendant's right to due process of law, and the court is unable to find any. In any event, to speculate more than 20 years later as to what Judge Frye might have done had the Government objected to the imposition of a concurrent sentence is too speculative to constitute a due process violation.

With respect to Ground Two, petitioner asserts that because the USPC explicitly revoked his parole in 1985, it was required by governing authority to run the 1978 sentence concurrently to the 1984 sentence. In other words, petitioner contends that parole revocation automatically results in the execution of a parole violator warrant, whether or not the USPC wishes to execute the warrant. Pursuant to 28 CFR § 2.47(b), where a prisoner is serving a new federal sentence, the USPC may let the warrant stand as a detainer even after the parole revocation hearing has been conducted because the parole revocation hearing should coincide

7 - FINDINGS AND RECOMMENDATION

with the initial hearing on the new federal sentence, or upon release from the new sentence, whichever occurs first. Because the 1985 USPC hearing at issue in this proceeding combined an initial parole hearing on the 1984 sentence and a parole revocation hearing on the 1978 sentence, the USPC acted within its authority when it executed the parole violator warrant upon petitioner's mandatory release from the 1984 sentence. Accordingly, there is no due process violation, and the Amended Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#32) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an

8 - FINDINGS AND RECOMMENDATION

order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this  29th  day of January, 2008.

<u>      /s/ John Jelderks      </u>
John Jelderks
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION